IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER GRANTING** |
| vs. | ) | **DEFENDANT'S MOTION** |
| | ) | **TO PROCEED PRO SE** |
| | ) | |
| Frederick Keiser, | ) | |
| | ) | Criminal Case No. 3:05-cr-80 |
| Defendant. | ) | |
| | ) | |

Before the Court is Defendant's Motion to Proceed Pro Se (Doc. #48). A hearing was held on the matter on November 30, 2006.

The facts and circumstances surrounding and leading up to Defendant's desire for self-representation are familiar to the Court. Defendant, indicted in June, 2005, on money laundering charges, was originally represented by an assistant federal public defender. In December, 2005, Defendant retained a criminal defense firm in California. During the next several months, Defendant was represented by two different attorneys from the California firm, in addition to local counsel. It is understood efforts were made toward a plea agreement between the government and defense counsel during this time.

On September 28, 2006, Defendant terminated his counsel. Defendant was ordered by the Court to obtain new counsel by October 17, 2006. On that date, Defendant indicated he had not been able to locate a willing attorney that was satisfactory to him. Citing the low incidence of acquittals in federal court and stating that lawyers "talk in circles," Defendant indicated he should

simply represent himself.

Though strongly advised by the Court to make additional attempts to retain law-trained counsel, Defendant moved for permission to proceed pro se on November 16, 2006. At the November 30, 2006 hearing, the Court requested Defendant complete a financial affidavit to assess whether Defendant was eligible for appointed counsel. Although the Defendant cooperated in completing the paperwork, he demanded his right to proceed pro se. Defendant declined a determination of his eligibility for appointed counsel, stating he did not want a lawyer.

A defendant has a right to represent him or herself in accordance with the Sixth Amendment and Faretta v. California, 422 U.S. 806 (1975). Faretta held that a defendant's waiver of counsel must be knowing and intelligent. Id. at 835. That is, a defendant must know and understand the dangers and disadvantages of self-representation. United States v. Kind, 194 F.3d 900, 903 (8th Cir. 1999) (citing United States v. Patterson, 140 F.3d 767, 774-75 (8th Cir. 1998)).

Defendant acknowledges he is not law-trained. The Court cautioned that Defendant's trial would be lengthy and complicated, to the extent that it would be challenging for an experienced attorney, much less a layperson. The Court advised Defendant that neither the Court nor the prosecutors would be able to assist Defendant in his defense. Defendant was advised of the difficulties in interpreting the Federal Rules of Evidence and the Federal Rules of Criminal Procedure. Defendant acknowledged the Court's admonitions but insisted, openly in court, on enforcing his constitutional right to self-representation. He stated he was doing so knowingly and voluntarily.

The Court finds Defendant has waived his right to counsel, including appointment of counsel at public expense. The Court finds this waiver is voluntary, knowing, and intelligent. Defendant's

Motion to Proceed Pro Se is **GRANTED.** The Court **ORDERS** that Defendant be permitted to represent himself at every stage of these proceedings.

    **IT IS SO ORDERED.**

Dated this 4th day of December, 2006.

                                                             /s/   Ralph R. Erickson
                                          Ralph R. Erickson, District Judge
                                          United States District Court