IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER ON DEFENDANT'S** |
| vs. | ) | **PRETRIAL MOTIONS** |
| | ) | |
| | ) | |
| Frederick W. Keiser, Jr., | ) | Criminal Case No. 3:05-cr-80 |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court are a number of pretrial motions by Defendant (Docs. #56, 58, 60, 62, and 74). The government has filed briefs in opposition to each motion (Docs. #70, 71, 69, 72, and 76, respectively).

Defendant has been charged under a 22-count indictment with wire fraud, money laundering, and conspiracy charges. After being represented by numerous criminal defense attorneys, Defendant was permitted to proceed pro se, on November 30, 2006, pursuant to Faretta v. California, 422 U.S. 806 (1975). Defendant promptly filed a number of pretrial motions.

**ANALYSIS**

Motion to Dismiss Conspiracy Counts as Unconstitutional

Defendant filed a Motion to Dismiss Conspiracy Counts as Unconstitutional (Doc. #56), alleging that such charges effectively eliminate the presumption of innocence and put the burden of proof on a defendant. Defendant argues the government has no burden to prove the existence of, and Defendant's participation in, a conspiracy; rather, Defendant is burdened with proving the

1

nonexistence of such facts. This is simply not the case. "In a conspiracy prosecution the Government must prove beyond a reasonable doubt (1) that an agreement to achieve an illegal purpose existed, (2) that the defendant knew about the agreement and (3) that the defendant knowingly became a part of the agreement." United States v. Lopez, 384 F.3d 937, 943 (8th Cir. 2004). Defendant retains his presumption of innocence unless and until the government so proves.

In his Motion (Doc. #56), Defendant also alleges the conspiracy counts violate the Constitution in that they offend the grand jury process, Due Process, and separation of powers. Defendant has not provided any legal support for these arguments, relying solely on statistics, commentary, and concurring and dissenting opinions. The Court recognizes the Constitutional rights to indictment by a grand jury, Due Process of law, and the separation of the three branches of government; however, Defendant fails to articulate a discernible, supported argument on these points. It is simply impossible to review either the Defendant's motion or brief and discuss any particular claim as to how these rights have been violated. Without a specific legal or factual basis for the alleged violations, there is simply no matter for the Court to decide. Therefore, Defendant's Motion to Dismiss Conspiracy Counts as Unconstitutional (Doc. #57) is **DENIED.**

Motion for Bill of Particulars

Defendant next moved for a Bill of Particulars (Doc. #58). A trial court is vested with broad discretion in granting or denying a bill of particulars. United States v. Stephenson, 924 F.2d 753, 762 (8th Cir. 1991). A bill of particulars is not a discovery tool. United States v. Hester, 917 F.2d 1083, 1084 (8th Cir. 1990). Rather, it is intended to inform the defendant of the charges against him so he may adequately prepare a defense and surprise at trial will be minimized. United States v. Garrett, 797 F.2d 656, 665 (8th Cir. 1986).

Here, Defendant argues a Bill of Particulars is appropriate because he is charged with violations under 18 U.S.C. § 2, without indication of whether he is alleged to have violated subsection (a) or (b) of that statute. Defendant cites no support for his assertion that "[i]t must be one or the other." The Defendant also claims that "accusations of violations of 18 U.S.C. § 2 fairly informs defendant of *nothing*." (Doc. #59, p. 4) (emphasis original) (internal quotations omitted). Such a claim might be understandable if the indictment merely claimed a violation of 18 U.S.C. § 2 without any further explanation. In fact, the indictment does no such thing. The indictment contains 22 specific counts. Each count either specifically sets forth the factual allegations against Defendant or it incorporates such factual allegations by specific reference to previously alleged facts. Under these circumstances, the indictment sufficiently apprises Defendant of the charges against him. His motion for Bill of Particulars is **DENIED.**

Motion to Dismiss Indictment for F. R. Crim. P. 6 Violations

Defendant argues the procedures specified for grand jury proceedings, pursuant to Rule 6, Fed. R. Crim. P., may not have been followed. He seeks dismissal based on that possibility or, in the alternative, disclosure of certain information pertaining to the proceedings.

Absent "compelling necessity," grand jury proceedings must remain secret. United States v. McDowell, 888 F.2d 285, 289 (3d Cir. 1989). A party seeking a grand jury transcript must show a particularized need for disclosure. United States v. Benson, 760 F.2d 862, 864 (8th Cir. 1985) (citing Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222-23 (1979)). Mere conjecture that information pertaining to the grand jury may reveal grounds for dismissal is insufficient. See United States v. Knight, 547 F.2d 75, 78 (8th Cir. 1977). This appears to be merely a "fishing expedition" by Defendant, hoping some part of Rule 6, Fed. R. Crim. P., was not followed and could

offer grounds for dismissal.  Such a purpose does not warrant disclosure.  See Thomas v. United States, 597 F.2d 656 (8th Cir. 1979).  In the instant case, the Defendant has failed to demonstrate any particularized need for disclosure and his motion is absent of any factual basis.  Under these circumstances, the motion must fail.

Motion to Dismiss for Selective Prosecution

Defendant moves to dismiss for selective prosecution or, in the alternative, convene the grand jury to indict his co-conspirators.

The government has broad discretion as to whom to prosecute. United States v. Goodwin, 475 U.S. 368, 380 n. 11 (1982).  In pursuing a claim for selective prosecution, a defendant carries a heavy burden:

> The defendant must demonstrate that (1) "he has been singled out for prosecution while others similarly situated have not been prosecuted" for similar conduct, and (2) "the government's action in thus singling him out was based on an impermissible motive such as race, religion, or the exercise by defendant of constitutional rights." The defendant's burden is a heavy one, and because we afford broad discretion to prosecuting authorities, we require "a showing of 'intentional and purposeful discrimination.' " Absent this prima facie showing, the prosecution will be presumed to have been undertaken in good faith.

United States v. Hintzman, 806 F.2d 840, 842 (8th Cir. 1986) (citations omitted).  Here, Defendant concedes he is not a member of a suspect class; rather, he argues the "impermissible motive" is greed.  The defendant provides no authority, nor has the Court found any, establishing greed as an impermissible motive.  More importantly, the defendant has completely failed to support this bare allegation by any factual claim whatsoever.  Under these circumstances, this claim must fail in its entirety.  The Court therefore **DENIES** Defendant's motion.

Defendant alternatively moves to convene the grand jury.  When the grand jury convenes and whom it indicts is secret.  Defendant has no way of knowing whether any of his co-conspirators may

have been indicted. Defendant has not provided the Court with any authority bestowing private persons the right to convene the grand jury. Therefore, the defendant's motion is **DENIED.**

Motion to Dismiss Counts 2, 3, 4, 5, 6, 14 and 15

Defendant moves to dismiss Counts 2, 23, 4, 5, 6, 14, and 15 of the indictment (Doc. #74), based on alleged insufficiencies that he argues warrant dismissal.

"An indictment is sufficient 'if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to subsequent prosecution.'" United States v. Summers, 137 F.3d 597, 601 (8th Cir. 1998) (quoting United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993), cert. denied, 513 U.S. 831 (1994)). The Eighth Circuit has held that in an indictment, money laundering counts tracking the statutory language and setting forth specific facts constituting the offense are sufficient. United States v. Davila, 964 F.2d 778, 782 (8th Cir. 1992). In the case of conspiracy counts, an indictment is adequate if it contains proper references to the substantive statute which a defendant is charged with conspiring to violate and to the conspiracy statute. United States v. Wallace, 578 F.2d 735, 741 (8th Cir. 1978). In this case, each count in the indictment references the statute at issue, essentially restates the statutory language, and contains detailed, lengthy references to the dates, time, people, and places involved. The indictment satisfies all legal requirements. Defendant's motion is **DENIED.**

## DECISION

**IT IS ORDERED** that Defendant's motions to Dismiss Conspiracy Counts as Unconstitutional (Doc. # 56), for Bill of Particulars (Doc. #58), to Dismiss Indictment (Doc. #60), to Dismiss for Selective Prosecution (Doc. #62), and to Dismiss Counts 2, 3, 4, 5, 6, 14, and 15

(Doc. #74) are **DENIED.**

    **IT IS SO ORDERED.**

Dated this 17th day of January, 2007.

                                                            /s/   Ralph R. Erickson
                                             Ralph R. Erickson, District Judge
                                             United States District Court