IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER DENYING MOTION** |
| v. | ) | **TO DISMISS INDICTMENT** |
| | ) | |
| Frederick W. Keiser, Jr., | ) | Criminal File No. 3:05-cr-80 |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is Defendant's Motion to Dismiss Indictment (Doc. #145). The government has filed a response objecting to such dismissal (Doc. #148).

The legal basis upon which Defendant's motion is based is unclear. The heading of Defendant's motion indicates it is based on Rule 32(i)(4)(A)(ii), Fed. R. Crim. P., but the body gives no explanation why this rule is referenced. Rule 32(i)(4)(A)(ii) allows a party the opportunity to speak at sentencing and does not deal with dismissing indictments.

The body of Defendant's motion also perplexes the Court. It appears that Defendant is arguing he was constructively deprived of his Sixth Amendment right to counsel because he was represented by attorneys at the now-defunct firm, Criminal Defense Associates ("CDA"). Defendant cites numerous Supreme Court cases which explain and analyze the Sixth Amendment right to counsel. The Court does not dispute that Defendant had such a constitutional right. In fact, the Court considers the assistance of learned counsel to be of great value to a criminal defendant, which is precisely why the Court repeatedly encouraged Defendant to find counsel, offered the possible assistance of counsel at public expense, and continued Defendant's trial to give him time to find counsel after he terminated his CDA

1

attorneys.

At the hearing on September 28, 2006, Defendant's former attorney, CDA employee Christopher Johnson, informed the Court he had been fired by Defendant. The Court inquired about the termination of the relationship, analyzed the favorable plea agreement Mr. Johnson had secured for Defendant, and then proceeded to engage in a long discussion with Defendant about attorneys and how to find one. The Court stated, "[T]here are people all over the place that are capable of handling this case and there are people in North Dakota. . . I mean, anybody in one of the four urban areas of North Dakota that does almost exclusively criminal defense law is going to be better than nobody." At the end of the hearing, the Court reiterated, "[T]he first thing you've got to do is you have to find a lawyer."

At an October 17, 2006 status conference, Defendant stated he had been unable to find a lawyer. The Court stated,

> I'm inclined to leave this March 5th trial date for right now. I'm not sure at all that we're going to be able to save that date. It kind of depends on who you get as your lawyer and how soon you get him on board. It strikes me that that date is kind of fast approaching in some ways. It's still six months off, which is enough time to prepare a case for trial, even a complex case like this one. The problem is going to be if you don't find somebody quickly it's going to be hard for them. So I think you need to keep working on trying to finding a lawyer.
> ***
> So I don't know what to tell you other than to say you've got to keep looking and, you know, if you get to the point where you can't find a lawyer theoretically you have the constitutional right to represent yourself. You also have the constitutional right to be represented by the lawyer -- by a lawyer at all proceedings. And we'll have to sort that out but I think the easiest thing -- and that's a bad word to use because I think there is no easy way out at this particular time but I think the most straightforward thing is to keep trying to find a lawyer.

Despite the Court's admonition to seek new counsel, Defendant moved to proceed <u>pro se</u> on November 16, 2006. During the hearing on his motion, Defendant repeatedly asserted his

right to represent himself. The Court cautioned Defendant about self-representation and offered the possible assistance of a federal public defender, which Defendant declined. The Court's written Order granting Defendant's motion stated:

> Defendant acknowledges he is not law-trained. The Court cautioned that Defendant's trial would be lengthy and complicated, to the extent that it would be challenging for an experienced attorney, much less a layperson. The Court advised Defendant that neither the Court nor the prosecutors would be able to assist Defendant in his defense. Defendant was advised of the difficulties in interpreting the Federal Rules of Evidence and the Federal Rules of Criminal Procedure. Defendant acknowledged the Court's admonitions but insisted, openly in court, on enforcing his constitutional right to self-representation. He stated he was doing so knowingly and voluntarily.

(Doc. #65, p. 3).

In short, the defendant has been warned repeatedly of the dangers of self-representation. Every effort was made by the Court to help Defendant find counsel. The Court has knowledge of no rule, statute, or opinion that would require the Court to force counsel upon Defendant, who made a knowing, voluntary waiver of his right to representation.

Furthermore, Defendant has failed to direct the Court to any rule, statute, or opinion that could reasonably be interpreted to require dismissal of the indictment in this case. He has shown no violation of the Sixth Amendment, and even if such showing had been made, the burden "is on the defendant to show that the representation or the proceedings leading to his conviction were adversely affected by virtue of Sixth Amendment violation in order to obtain a dismissal of the indictment." United States v. Solomon, 679 F.2d 1246, 1250 (8th Cir. 1982). Defendant has made no such showing. The evidence presented by the government was substantial, and in the opinion of the Court, Defendant was quite competent in presenting his defense.

Defendant has failed to convince the Court that he was deprived of his Sixth Amendment

right to representation of counsel.  His motion is therefore **DENIED.**

**IT IS SO ORDERED.**

Dated this 7th day of September, 2007.

/s/    Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court